UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
NEXT COMMUNICATIONS, INC.,                    Case No. 16-26776-RAM
        Debtor.                               Chapter 11
_____/


NEXT COMMUNICATIONS, INC.,                    Adv. Proc. No.:_____
        Plaintiff,
v.

TERREMARK NORTH AMERICA, LLC,
VERIZON COMMUNICATIONS, INC.,
and EQUINIX, INC.,
        Defendants.
_____/

**ADVERSARY COMPLAINT FOR TURNOVER
UNDER 11 U.S.C. 542**

Plaintiff, Next Communications, Inc., the debtor and debtor-in-possession (the "Debtor" or "Plaintiff"), sues Defendants Terremark North America, Inc. ("Terremark") Verizon Communications, Inc. ("Verizon") and Equinix, Inc. ("Equinix"), and states:

1.      This is an adversary proceeding for turnover of servers and related computer equipment or the value of such property under 11 U.S.C. § 542(a) and for negligence.

2.      The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b).  Each matter presented is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K); and, accordingly, the Bankruptcy Court may enter final judgments on all issues presented.

3.      On December 21, 2016 (the "Petition Date"), the Debtor filed this Chapter 11 case.

4.      The Debtor continues to operate and manage its properties under §§ 1107 and 1108.

5.      As set forth in the case management summary (DE 11), the Debtor is an International Voice Over Internet Protocol (International VoIP) provider.   In 2015, the Debtor suffered the loss of millions of dollars in revenues from a suspected cyber-organized criminal hack resulting in the loss.   The hack caused dramatic cash flow issues that caused the Debtor's business to fail, i.e., it could not pay providers of the minutes that it sold wholesale at a profit.  This resulted in many judgments and lawsuits including a judgment by the Debtor's former landlord, 100 NWT Fee Owner LLC (Landlord) at the 100 Biscayne Boulevard location for $1,678,022.31 (which amount is in dispute due to failure to mitigate damages).

6.      Since the filing of the case, the Debtor has worked hard to restart the wholesale minute traffic.

7.      On or about June 9, 2009, as supplemented by Colocation Service Order dated April 7, 2015, the Debtor, Verizon, and Terremark entered into a colocation agreement.   Under the colocation agreement, the Debtor would maintain its platform consisting of eight high capacity servers and related equipment at the NAP of the Americas facility at 50 NE 9th Street, Miami, Florida 33132.  A copy of the service order dated April 7, 2015 is attached as **Exhibit A**.

8.      On or about May 1, 2017, Terremark sold the facility to Equinix.

9.      On August 7, 2017, the Court entered the Order Granting Debtor's Motion for Entry of Unopposed Order Directing Turnover of Property of the Estate (DE 60).  The

Order directed Equinix to turn over the property listed on Exhibit 1 to the Motion. A copy of the property list is **Exhibit B**.

10. On or about August 29, 2017, the Debtor took delivery from Equinix of certain of its property, but eight Cisco servers were missing as acknowledged by Equinix (hereinafter, the "Missing Equipment"). A copy of the delivery inventory sheet is **Exhibit C**.

11. To date, Equinix has failed and refused to turn over the missing servers.

12. Defendants Verizon and Terremark each had custody of the Debtor's property and also has failed and refused to turn over same.

13. The Debtor has retained the undersigned and agreed to pay him reasonable attorneys' fees and costs.

14. All conditions precedent to this action have occurred, been waived or were satisfied.

### COUNT 1 - TURNOVER OF PROPERTY OR VALUE § 542
### EQUINIX

15. The Debtor realleges paragraphs 1 through 14 as if fully set forth herein.

16. During the Chapter 11 case, Equinix was in possession, custody, or control of the Missing Equipment.

17. The Debtor's requires the Missing Equipment to increase its traffic.

18. The Missing Equipment is valued in excess of $500,000.

WHEREFORE the Debtor respectfully requests entry of final judgment against Defendant Equinix directing the immediate turnover of the Missing Equipment or the value of the missing equipment, plus pre and post judgment interest.

### COUNT 2 - TURNOVER OF PROPERTY OR VALUE § 542
### VERIZON

19.     The Debtor realleges paragraphs 1 through 14 as if fully set forth herein.

20.     During the Chapter 11 case, Verizon was in possession, custody, or control of the Missing Equipment.

21.     The Debtor's requires the Missing Equipment to increase its traffic.

22.     The Missing Equipment is valued in excess of $500,000.

WHEREFORE the Debtor respectfully requests entry of final judgment against Defendant Verizon directing the immediate turnover of the Missing Equipment or the value of the missing equipment, plus pre and post judgment interest.

### COUNT 2 - TURNOVER OF PROPERTY OR VALUE § 542
### TERREMARK

23.     The Debtor realleges paragraphs 1 through 14 as if fully set forth herein.

24.     During the Chapter 11 case, Terremark was in possession, custody, or control of the Missing Equipment.

25.     The Debtor's requires the Missing Equipment to increase its traffic.

26.     The Missing Equipment is valued in excess of $500,000.

**WHEREFORE** the Debtor respectfully requests entry of final judgment against Defendant Terremark directing the immediate turnover of the Missing Equipment or the value of the missing equipment, plus pre and post judgment interest.

Dated November 14, 2017.

AM LAW
Counsel for the Debtor
7385 SW 87th Avenue, Suite 100
Miami, FL 33173

4

PH: 305.441.9530
FX: 305.595.5086
***By:/s/ Gary M. Murphree***
Gary M. Murphree, Esq.
FBN 996475
Brandy Gonzalez-Abreu, Esq.
FBN: 017685

**Routing Code: WTMRK**

## COLOCATION SERVICE ORDER

| THIS SECTION FOR VERIZON INTERNAL USE ONLY | |
|---|---|
| Quote ID Number | 2015-59436 |
| Service Order ("SO" or "Order") | 54210-SO-0002 |
| Ops ID Number | 54210 |
| Issuance Date | April 7, 2015 (Valid for thirty (30) days only from this date) |
| Master Agreement ("Agreement") | Wholesale Telecommunications Services Agreement |
| Master Agreement Date | June 9, 2009 |
| Verizon Master Contract ID (if applicable) | 266454 |
| Customer Entity | Next Communications, Inc. ("Customer" or "Licensee") |
| Customer Address | 100 N. Biscayne Blvd.<br>9th Floor<br>Miami, FL 33132 |
| Customer Telephone | (305) 356-4507 |
| Customer Email Address | izik@nextcommunications.com |
| Email Address for Invoicing | |
| Service Provider Entity | Terremark North America LLC ("Terremark" or "Licensor") |
| Commencement Date | Delivery of Service/Completion Notice ("Commencement Date") |
| Initial or Additional Order | Additional SO |
| Term (months) | Coterminous with the Term of the Initial SO |
| Expedited | No |
| Term Commences Upon | Commencement Date (as defined herein above) |
| **Invoicing Commencement** | |
| Non-Recurring Charges ("NRC") | Upon Commencement Date |
| Monthly-Recurring Charges ("MRC") | Upon Commencement Date |
| Equipment Charges | Upon Commencement Date |

PLEASE NOTE ANY CHARGES CONTAINED HEREIN DO NOT INCLUDE SALES OR OTHER APPLICABLE TAXES. INVOICES ISSUED SHALL BE DUE AND PAYABLE THIRTY (30) DAYS FROM THE DATE OF INVOICE UNLESS OTHERWISE SET FORTH HEREIN OR IN THE AGREEMENT.

Customer signatory and Terremark signatory indicate their acceptance of this Order by signature of their authorized representatives below. This Order becomes a part of the Agreement only once it is accepted and executed by both Verizon and the Customer.

---

**Special Terms**

The Services set forth in this SO No. 54210-SO-0002 shall be invoiced in accordance with the Fee Summary detailed in "Exhibit A" below.

In addition to the above, Customer shall be allowed a **sixty (60) day** period following the Activation Date ("Option Period") in which they may terminate the Services set forth in this SO No. 54210-SO-0002 ("Termination for Convenience") by providing Terremark not less than ten (10) days' prior written notice to terminate and will not incur any additional termination liability. In the event Customer does not exercise the Termination for Convenience within the Option Period set forth above, this SOW No. 1 will continue in full force and effect through the remainder of the Term.

Next Communications, Inc.

By _____

Name _____ **ARIK MEIMOUN**

Title _____ **CEO/CHAIRMAN**

Date ____ **NEXT COMMUNICATIONS INC.**
    **April 7, 2015**

Terremark North America LLC

By _Mandy Johnson_____

Name _Mandy Johnson_____

Title _Contract Mgmt._____

Date _4-9-15_____

EXHIBIT  A    Page 1 of 4

Service Order No:
54210-SO-0002

# SERVICE ORDER - EXHIBIT A

**Fee Summary**

**Purchased Detail**

| | |
|---|---|
| **Total Non-Recurring Charges (Excluding HW/SW)** | **$1,280.00** |
| Connectivity | $1,250.00 |
| Network | $30.00 |
| **Phase One Monthly-Recurring Charges** | |
| Total Monthly-Recurring Charges commencing upon the Commencement Date and continuing through month 1 | $3,030.00 |
| Connectivity | $3,000.00 |
| Network | $30.00 |
| **Phase Two Monthly-Recurring Charges** | |
| Total Monthly-Recurring Charges beginning month 2 following the Commencement Date and continuing through the remainder of the Term | $10,030.00 |
| Connectivity | $10,000.00 |
| Network | $30.00 |

**Monthly-Recurring Charges Itemized for each Phase:**

| Phase One: Monthly-Recurring Charges commencing upon the Commencement Date and continuing through month 1 | | | |
|---|---|---|---|
| **Description** | **Quantity** | **Price** | **Ext. Price** |
| **Colocation** | | | |
| Connectivity : Managed Router Service CIR, per Mbps (> 1 Gbps) | 300 | $10.00 | $3,000.00 |
| **IP addresses** | | | |
| Network : Service: IP Addressing Fee, Block of 16 (/28) | 1 | $30.00 | $30.00 |
| **Totals** | | | **$3,030.00** |

| Phase Two: Monthly-Recurring Charges beginning month 2 following the Commencement Date and continuing through the remainder of the Term | | | |
|---|---|---|---|
| **Description** | **Quantity** | **Price** | **Ext. Price** |
| **Colocation** | | | |
| Connectivity : Managed Router Service CIR, per Mbps (> 1 Gbps) | 1000 | $10.00 | $10,000.00 |
| **IP addresses** | | | |
| Network : Service: IP Addressing Fee, Block of 16 (/28) | 1 | $30.00 | $30.00 |
| **Totals** | | | **$10,030.00** |



Service Order No:
54210-SO-0002

## SERVICE ORDER - EXHIBIT A

**Pricing Details**

**Service Type: Infrastructure Services: Colocation**
**Service Location: Miami (MIA1)**
**Model Type: New Service**

**Non-Recurring Charges (Excluding HW/SW)**

| Description | Quantity | Price | Ext. Price |
|---|---|---|---|
| Colocation | | | |
| Connectivity : MRS: 10 GbE (10,000 Mbps) Managed Router Services - setup | 1 | $1,250.00 | $1,250.00 |
| IP addresses | | | |
| Network : Service: IP Addressing Fee, Block of 16 (/28) set up | 1 | $30.00 | $30.00 |
| Totals | | | $1,280.00 |

**Monthly-Recurring Charges shall be invoiced as set forth in the Fee Summary above**

| Description | Quantity | Price | Ext. Price |
|---|---|---|---|
| Colocation | | | |
| Connectivity : Managed Router Service CIR, per Mbps (> 1 Gbps) | 1000 | $10.00 | $10,000.00 |
| IP addresses | | | |
| Network : Service: IP Addressing Fee, Block of 16 (/28) | 1 | $30.00 | $30.00 |
| Totals | | | $10,030.00 |

**Solution Details**

**Service Type: Infrastructure Services: Colocation**
**Service Location: Miami (MIA1)**

Colocation

| Colocation | | 1 |
|---|---|---|
| MRS Setup | MRS: 10 GbE (10,000 Mbps) Managed Router Services - setup | 1 |
| Allocation | Managed Router Service CIR, per Mbps (> 1 Gbps) | 1000 |

| IP addresses | | 1 |
|---|---|---|
| Addressing Fee | Service: IP Addressing Fee, Block of 16 (/28) | 1 |
| IP Addressing Setup | Service: IP Addressing Fee, Block of 16 (/28) set up | 1 |

Verizon Proprietary
ldmcdonald 04.07.2015

Page 3 of 3

EXHIBIT  A    Page 3 of 4

| ITEM (Servers) | TYPE | AMOUNT |
|---|---|---|
| Server | cisco  vmware | 10 |
| Server | Proliant | 2 |
| Server | HP | 2 |
| Server | Vidyo | 3 |

| ITEM (Cisco ASR1006) | TYPE | AMOUNT |
|---|---|---|
| Hadware Box | ASR 1000 | 4 |

| ITEM (Cisco ASA) | TYPE | AMOUNT |
|---|---|---|
| Hadware Box | Cisco ASA 5585 Core Router | 1 |

| ITEM (Cisco 7600) | TYPE | AMOUNT |
|---|---|---|
| Hadware Box | Cisco 7600 Series Router | 1 |

| ITEM (Cisco 3745) | TYPE | AMOUNT |
|---|---|---|
| Hadware Box | Cisco 3745 Router | 3 |

| ITEM (Cisco Catalyst) | TYPE | AMOUNT |
|---|---|---|
| Hadware Box | Cisco catalyst | 2 |

EXHIBIT   B  Page 1 of 1

## NEXT COMUNICATIONS

| Equipments | Serial Numbers | Equipments | Serial Numbers |
|---|---|---|---|
| Cisco ASA 5585-X | JMX1522708F | CiscoC220M3 | FCH1750V1MG |
| Cisco ASR 1006 | FOX1540GA8J | CiscoC220M3 | FCH1748V07P |
| Cisco ASR 1006 | FOX1335GFC5 | CiscoC220M3 | FCH1728V2KC |
| Cisco ASR 1006 | FXS1744Q1W9 | CiscoC220M3 | FCH1750V230 |
| Cisco2901 | FTX152181ER | CiscoC220M3 | FCH1752V1DQ |
| Cisco3500 | FAA0517I0MY | CiscoC220M3 | FCH1748V0DX |
| Cisco7604 | FOX112903G4 | CiscoC220M3 | FCH1752V13T |
| | | CiscoC220M3 | FCH1747V1BR |
| | | CiscoC220M3 | FCH1748V0CD |
| | | CiscoC220M3 | FCH1750V1SU |
| | | Hp ProliantDL360 | MXQ3100200 |
| | | Supermicro 6025B | S6025BT27007093 |
| | | VidyoGateway | 8322111711A038 |
| | | VidyoReplay | 9312081612A214 |
| | | VidyoReplay | 9312101512A259 |
| | | Cisco Card | JAE1446050R |
| | | Cisco Card | JAE14520Q4M |
| | | Cisco3700 | JMX0708L0M2 |
| | | Cisco3700 | JMX0708L0MA |
| | | Cisco3700 | JMX0705L0Y6 |
| | | VidyoPortal | 6312120911A236 |
| | | Hp ProliantDL360 G7 | USE127N363 |
| | | Dell Power Edge | 3DHCVH1 |
| | | Cisco Card | JAE15440ADR |
| | | Cisco Card | JAE154409T6 |
| | | Cisco Card | JAE15450E3Y |
| | | Cisco Catalyst4948 | C47D4FCC2D40 |
| | | LG Display | 707UXKD3W789 |

CISCO ASR 1006 s/w    NA

EQUINIX WAS NOT
Able to find or provide
these items
August 29 2017
to Next Communications

Equinix
George ~~Clearthose~~
Jorge Canba

X

Next Communications
Arik Maimon CEO

X

Equinix X

Equinix
provided the
Above equipment t
Next Communicat
Today August 2

X

EXHIBIT  C  Page 1 of 1